Judgment of the County Court of Queens County convicting the defendant of the crime of violating section 1053-a of the Penal Law (criminal negligence in operation of a vehicle resulting in death), reversed on the law and the facts, the indictment dismissed on the law, and bail exonerated. The rubber cup over one end of the piston in the master cylinder of the ear was defective in two separate and independent respects, in that (1) it was off-center, and (2) was torn. The proof is to be the effect that the tilting of the cup resulted in partial loss of brake pressure, in that brake fluid was enabled to seep through between the cylinder wall and that part of the cup opposite the place where the cup scraped against the wall. This condition resulted in the necessity of pumping or depressing the foot pedal more than once in order to have it function. There is no proof of the length of time during which this condition was present prior to the accident. In any event, there is no proof that, by reason thereof, a steady and progressive deterioration of brake pressure occurred. It was the tear through which brake fluid could seep which rendered the brake useless. There is no proof" that this tear, as distinguished- from the wear preceding it, did not suddenly occur. One of the expert witnesses for the prosecution testified on that phase, “ I don’t know, I wouldn’t answer that.” The proof is insufficient to warrant the conviction. ‘ (Cf. People v. Bearden, 290 N. Y. 478.) It fails to show notice to defendant which would serve to make plain to her the grave nature of the latent defect and the dire jeopardy in which she placed the lives of her family, as passengers, and herself, as well as those of other persons, by operation of the automobile. If we did not dismiss the indictment we would, in any event, order a new trial by reason of the prejudicial conduct of the trial judge, Hagarty, Carswell, Johnston and Adel, JJ., concur; Lewis, P. J., *901 concurs for reversal of the judgment on the sole ground of the prejudicial conduct of the trial judge, but as to dismissal of the indictment, he dissents and votes to order a new trial on the ground that a question of fact is presented as to the culpable negligence of the defendant.